■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTONIO FUENTES, Appellant.— Order, entered on April 8, 1965, denying motion in the nature of a writ of *coram nobis* unanimously reversed on the law and case remanded for a hearing. Defendant was convicted by a jury on three counts of burglary in the second degree, sodomy first degree, and attempted robbery first degree, and was sentenced to a term of 50 to 110 years. He claims that he was indigent, barely able to understand the language, and relied entirely on his court-appointed counsel. He further claims that when he told his counsel that he desired to appeal, the latter informed him that unless he had the funds to print the record he could not appeal. Here the extraordinary length of the sentence in and of itself suggests a tenable basis for appeal. It is, at the very least, arguable that for the crimes involved a sentence whose maximum well exceeds the normal life span would prove to be excessive. Under these circumstances, an effectual deprivation of appeal is more than a possible or technical deprivation of a substantial right (*People* v. *Adams*, 12 N Y 2d 417). Post-judgment relief by way of *coram nobis* is the applicable procedure (*People* v. *Hairston*, 10 N Y 2d 92). We are not unaware of the difficulty presented by the problem of the expiration of the time to appeal (*People* v. *Kling*, 14 N Y 2d 571, affg. 19 A D 2d 750; *People* v. *Marchese*, 14 N Y 2d 695, affg. 19 A D 2d 728). Under very similar circumstances it has not been allowed to become an impassable barrier (*People* v. *Barsey*, 21 A D 2d 828). Of course, defendant's right to relief will depend not on what he alleges but on what he is able to establish at the hearing. Concur — Breitel, J. P., Rabin, Stevens, Steuer and Bastow, JJ.